JOHN L. BURRIS Esq., SBN 69888
BENJAMIN NISENBAUM, Esq., SBN 222173
JAMES COOK Esq., SBN 300212
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
James.Cook@johnburrislaw.com

Attorneys for Plaintiffs,

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELINA LOPEZ, individually and as co-successor-in interest to Decedent JORDON PAS; J.P., individually and as co-successor-in interest to Decedent JORDON PAS; SEFERINA ALVAREZ, individually and as co-successor-in interest to Decedent JORDON PAS; C.A., individually and as co-successor-in interest to Decedent JORDON PAS; D.V., individually and as co-successor-in interest to Decedent JORDON PAS, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF SANTA ROSA, a municipal corporation; MATTHEW CROSBIE, individually and in his capacity as a Police Sergeant for the CITY OF SANTA ROSA; JONATHAN MORGAN, individually and in his official capacity as a Police Officer for the CITY OF SANTA ROSA; ROBERT MOORE, individually and in his official capacity as a Police Officer for the CITY OF SANTA ROSA; FRANK SEDENO, individually and in his official capacity as a Police Officer for the CITY OF SANTA ROSA; NICHOLAS MADARUS, | CASE NO.: 3:22-cv-05270-LB <br><br> **SECOND AMENDED COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

individually and in his capacity as a Police Sergeant for the CITY OF SANTA ROSA; and DOES 1-50, inclusive,

Defendants.

## INTRODUCTION

1. This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, under California Civil Code Section § 52.1, and under the common law of California, for City of Santa Rosa police officer's use of excessive force against Jordon Pas.

## JURISDICTION

2. This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the County of Sacramento, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiffs' state law causes of action under 28 U.S.C. § 1367.

## PARTIES

3. Plaintiff ANGELINA LOPEZ ("LOPEZ") has been and is a resident of California and a United States Citizen, sues individually and as co-successor-in-interest to Decedent JORDAN PAS, and as JORDAN PAS' wife at the time of PAS' death.

4. Plaintiff J.P. ("J.P.") has been and is a resident of California and a United States Citizen, and sues individually and as co-successor-in-interest to Decedent JORDAN PAS, by and through his Guardian-ad-Litem, Angelina Lopez. Plaintiff J.P. is Decedent's biological child.

5. Plaintiff SEFERINA ALVAREZ ("ALVAREZ") has been and is a resident of California and a United States Citizen, and sues individually and as co-successor-in-interest to Decedent JORDAN PAS. Plaintiff ALVAREZ is Decedent's biological child.

6. Plaintiff C.A. ("C.A.") has been and is a resident of California and a United States Citizen, and sues individually and as co-successor-in-interest to Decedent JORDAN PAS, by and through her Guardian-ad-Litem, Cani Alvarez. Plaintiff C.A. is Decedent's biological child.

7. Plaintiff D.V. ("D.V.") has been and is a resident of California and a United States Citizen, and sues individually and as co-successor-in-interest to Decedent JORDAN PAS, by and through his Guardian-ad-Litem, Ana Virelas. Plaintiff D.V. is Decedent's biological child.

8. Decedent JORDON PAS ("DECEDENT" or "PAS") has been and is a resident of California and a United States Citizen.

9. At all times mentioned herein, Defendant MATTHEW CROSBIE ("CROSBIE") was employed by Defendant CITY OF SANTA ROSA as a police sergeant. He is being sued individually and in his official capacity as a police officer for the City. Plaintiff contends Defendant CROSBIE who was present at the scene of the subject-incident and detained Decedent JORDON PAS, used excessive force unrelated to a legitimate law enforcement purpose and with reckless disregard for Plaintiff JORDON PAS's rights, was an integral participant in the use of unreasonable force against Decedent JORDAN PAS, failed to intervene in the use of unreasonable force against Decedent JORDAN PAS and was negligent.

10. At all times mentioned herein, Defendant JONATHAN MORGAN ("MORGAN") was employed by Defendant CITY OF SANTA ROSA as a police officer. He is

being sued individually and in his official capacity as a police officer for the City. Plaintiff contends Defendant MORGAN who was present at the scene of the subject-incident and detained Decedent JORDON PAS, used excessive force unrelated to a legitimate law enforcement purpose and with reckless disregard for Plaintiff JORDON PAS's rights, was an integral participant in the use of unreasonable force against Decedent JORDAN PAS, failed to intervene in the use of unreasonable force against Decedent JORDAN PAS and was negligent.

11. At all times mentioned herein, Defendant ROBERT MOORE ("MOORE") was employed by Defendant CITY OF SANTA ROSA as a police officer. He is being sued individually and in his official capacity as a police officer for the City. Plaintiff contends Defendant MOORE who was present at the scene of the subject-incident and detained Decedent JORDON PAS, used excessive force unrelated to a legitimate law enforcement purpose and with reckless disregard for Plaintiff JORDON PAS's rights, was an integral participant in the use of unreasonable force against Decedent JORDAN PAS, failed to intervene in the use of unreasonable force against Decedent JORDAN PAS and was negligent.

12. At all times mentioned herein, Defendant FRANK SEDENO ("SEDENO") was employed by Defendant CITY OF SANTA ROSA as a police officer. He is being sued individually and in his official capacity as a police officer for the City. Plaintiff contends Defendant SEDENO who was present at the scene of the subject-incident and detained Decedent JORDON PAS, used excessive force unrelated to a legitimate law enforcement purpose and with reckless disregard for Plaintiff JORDON PAS's rights, was an integral participant in the use of unreasonable force against Decedent JORDAN PAS, failed to intervene in the use of unreasonable force against Decedent JORDAN PAS and was negligent.

13. At all times mentioned herein, Defendant NICHOLAS MADARUS ("MADARUS") was employed by Defendant CITY OF SANTA ROSA as a police officer. He is being sued individually and in his official capacity as a police officer for the City. Plaintiff contends Defendant MADARUS who was present at the scene of the subject-incident and detained Decedent JORDON PAS, used excessive force unrelated to a legitimate law enforcement purpose and with reckless disregard for Plaintiff JORDON PAS's rights, was an integral participant in the use of unreasonable force against Decedent JORDAN PAS, failed to intervene in the use of unreasonable force against Decedent JORDAN PAS and was negligent.

14. Defendant CITY OF SANTA ROSA ("CITY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the CITY OF SANTA ROSA Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant CITY was the employer of Defendant CITY Police Officer, individually and in their official capacity.

15. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1-50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Decedent as set forth herein. Plaintiffs will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

16. Plaintiffs are required to comply with an administrative tort claim requirement under California law. On March 16, 2022, Plaintiffs ANGELINA LOPEZ and J.P. submitted a claim to the Clerks' Offices for the CITY OF SANTA ROSA. Plaintiffs ANGELINA LOPEZ and J.P. have exhausted all administrative remedies pursuant to California Government Code § 910.

## FACTUAL ALLEGATIONS

17. The incident took place on November 18, 2021. The time was approximately 1:19 A.M. The location was in front of 42 Peach Court in Santa Rosa, CA 95407. Santa Rosa Police Department officers; Jonathan Morgan, Robert Moore, and Frank Sedeno used excessive force against Jordon Pas. Matthew Crosbie was the Police Sergeant.

18. At the time of the incident, Mr. Pas caused a disturbance at Peach Court, which caused 911 to be called, including reports of a person firing a shotgun into the air several times. No one reported the shots had been fired in the direction of any person. Santa Rosa Police Department officers responded. Mr. Pas initially wore a shirt, but then removed his shirt. He did not appear to be in the possession of any weapons, and his hands were empty. Mr. Pas clearly did not possess a shotgun at this time, and he was obviously mentally impaired and/or intoxicated. Multiple officers approached Pas, who picked up a large landscaping rock. Sergeant Crosbie directed the officers to taze Mr. Pas. Officer Morgan then shocked Mr. Pas with a stun gun. Pas fell to the ground, landing on his knees and forearms. Crosbie shouted at the officers to "hit him again" and "get on top of him." Officer Morgan continued to taze Pas. As Pas was still being tazed, and while he was still on his knees and forearms, officer Madarus ran up to Pas,

and kicked him in the back of his head and neck area.[1] Madarus' downward stomp on Mr. Pas caused Pas' head to whiplash forward and slam into the ground. Pas immediately sustained multiple contusions to his head. Multiple officers surrounded Pas, and immediately grabbed his arms and legs. However, Madarus did not reduce his level of force to meet Pas' detainment and lack of resistance. Instead, Madarus maliciously stomped on Pas' head a second time, causing his head to slam into the ground once again, all while Pas was restrained and being tazed by Madarus' colleagues.[2] Multiple officers were present at the scene, surrounding Mr. Pas, and bringing Mr. Pas's arms together to complete the process of handcuffing Mr. Pas at the time Defendant Madarus ran up to Mr. Pas's head and stomped on his head.  The only available space around Mr. Pas at this time was the head area. Plaintiffs contend the stomps to Mr. Pas's head by Defendant Madarus were intentional, as Mr. Pas was not moving his head sideways in a significant enough manner that he would have accidentally moved his head under Defendant Madarus's boot, if Defendant Madarus were instead trying to stomp on Mr. Pas's shoulder. Regardless, intentionally trying to stomp Mr. Pas's shoulder would be so close to Mr. Pas's head, and so obviously unnecessary, that no police officer (or human being), would do target the shoulder absent an intent to cause severe, unnecessary, punitive damage to Mr. Pas, knowing how close Mr. Pas's head (like all peoples' heads) is situated to his shoulders.  Plaintiffs further contend that the delivery multiple blows to Mr. Pas's head by Defendant Madarus obviates any

---

[1] Madarus would later claim that he used "heel strikes" on Pas, due to the position of his service rifle. Further, Sergeant North, Lieutenant Harrington, and Captain Marincik later ratified the officers' actions.

[2] During the autopsy of Mr. Pas, neuropathologist Keng-Chlh Su, M.D. found that Pas suffered blunt force injuries of the head, including subarachnoid hemorrhages of Pas' bilateral fontal and parietal lobes; Contusions of the left fontal and parietal lobes; and Minor hemorrhage of the septum pellucidum. Importantly, it is the opinion of Dr. Su that the "Findings are consistent with acute traumatic brain injury which can be independently fatal." Similarly, Pathologist Kimi Verilhac, M.D. found multiple blunt force injuries to the head, face, and neck of Mr. Pas, including abrasions and facial fractures. Plaintiffs contend that the kick and stomp by Officer Madarus is the direct cause of the brain damage found by Dr. Su. More specifically, Madarus' stomp on Pas' head caused Pas to suffer brain damage so severe that it alone was enough to kill Pas. The coroner determined the manner of death Mr. Pas's death to be a homicide: Death at the hands of the defendant officers.

question that Defendant Madarus's intended target area of the sole of his boot was indeed Mr. Pas's head.

19. During this time, multiple other officers got on top of Mr. Pas. Sergeant Crosbie and the officers restrained Pas to the ground. Crosbie pushed Mr. Pas's head into the ground, and into the pool of blood that formed from bleeding from Pas head wounds. Officer Sedeno restrained Pas' back. Pas struggled to breath after being tazed, and with the officers on top of him. Officer Morgan then stunned him a third time. Mr. Pas became unresponsive. Crosbie then removed his knee from behind Pas' neck. The other officers handcuffed him. They placed Mr. Pas on his side. He bled from his face. An ambulance arrived at around 1:40 A.M.

20. As a result of Defendants use of excessive force, Pas died at 2:17 A.M. He leaves behind his wife and two children.

### **FIRST CAUSE OF ACTION**
**(Violation of the Fourth Amendment of the United States Constitution - Excessive Force)**
**(42 U.S.C. § 1983)**
**(ALL PLAINTIFFS Against Defendants CITY, CROSBY, MORGAN, MOORE, MADARUS and DOES 1-50)**

21. Plaintiffs re-allege and incorporates by reference paragraphs 1 through 18 of this Complaint.

22. Defendants and DOES 1-25 acted under color of law by killing decedent without lawful justification and subjecting decedent to excessive force thereby depriving Plaintiffs and the decedent of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, use of excessive force in unreasonably tasing and killing Decedent in violation of the Fourth Amendment.

   b. The right to medical care for Decedent's serious medical needs while in custody.

23. JORDON PAS did not pose an immediate threat to Defendants and had not threatened anyone. The nature of any crime he may have committed in being intoxicated or in firing the shotgun into the air was minimal, and the threat from the shotgun had passed by the time the defendants arrived since he obviously was not in possession of the shotgun when the defendants saw him. The shotgun was the only weapon he was reported to possess. PAS suffered a mental health episode, whether caused by intoxication or not. Officers successfully detained PAS after Officer MORGAN used a less lethal stun gun on him. However, officers then tackled Mr. PAS to the ground. Sergeant CROSBIE pushed PAS's head into the ground. Officer MOORE and Officer SEDENO shifted their weight onto his back. Officer MORGAN unnecessarily stunned Mr. PAS a second time, and Defendant MADARUS killed Mr. PAS by stomping on his head causing massive, deadly brain injuries.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Fourteenth Amendment Violations of Plaintiffs' civil rights
to familial relationship – 42 U.S.C. section 1983)
(ALL PLAINTIFFS Against Defendants CITY, CROSBY, MORGAN, MOORE,
MADARUS and DOES 1-50)**

24. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 21 of this Complaint.

25. Defendant officers, acting under color of law, and without due process of the law deprived Plaintiffs of their right to a familial relationship with Decedent JORDAN PAS by use of unreasonable, unjustified deadly force and violence, causing injuries which resulted in decedent's death, all without provocation, in violation of the Fourteenth Amendment to the United States Constitution. PAS died as a result of the officer's actions of collectively using force to detain PAS in such as way as to asphyxiate him and Defendant MADARUS stomping on his head. Defendants' actions caused Plaintiffs to lose their familial relationship with PAS.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
(*Monell* - **42 U.S.C. §1983**)
(PLAINTIFFS, individually and as co-successors-in-interest to Decedent, Against Defendants CITY, and DOES 1-50)

26.	Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1-26 of this complaint.

27.	Plaintiffs are informed and believe and thereon allege that high-ranking CITY OF SANTA ROSA officials, and DOES 1-50, and/or each of them, knew and/or reasonably should have known that their police officers, including Defendants named herein, were either untrained or improperly trained in the follow areas:

    a.	The Defendants were improperly trained in using reasonable force against suspects. Specifically, Defendant MADARUS used a heal strike against PAS while PAS was on the ground being tased, and further restrained by additional officers. This goes beyond any reasonable use of force, and MADARUS should have been trained not to strike suspects with his feet, and particularly not strike suspects the head, all while the suspect is restrained and not an immediate threat to the officers.

    b.	Additionally, the defendants were improperly trained to restrain a suspect. The defendant officers improperly restrained PAS by applying pressure to his upper back and neck, causing him to asphyxiate.

28.	These training failures were a substantial factor and moving force in the violation of Decedent PAS' rights, culminating in his death caused by Defendant Officers failures to use a reasonable amount of force against Mr. PAS.

29.	Further, despite having such notice, Plaintiffs are informed and believe and

thereon allege that Defendants CITY, and DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by the defendants. Specifically, CITY officials did not reprimand the defendants named herein. Instead, Sergeant Matthew North, Lieutenant Brenda Harrington, and Captain Daniel Marincik ratified the officers' actions as within department policy.

30. Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants, and the practice and training deficiencies identified herein, Defendants CITY, DOES 1-25, and/or each of them, encouraged these defendants to continue their course of misconduct, resulting in the violation of the Plaintiffs' rights as alleged herein.

31. The aforementioned acts and/or omissions and/or deliberate indifference by high-ranking CITY officials, DOES 1-25, and/or each of them, resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

32. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

33. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

34. Said rights are substantive guarantees under the Fourth, Fifth, and/or Fourteenth Amendments to the United States Constitution, and under 42 U.S.C. section 12132.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Negligence- Wrongful Death)**
**(PLAINTIFFS LOPEZ, and J.P. Against Defendants CITY, CROSBY, MORGAN, MOORE, MADARUS and DOES 1-50)**

35. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 35 of this Complaint.

36. At all times, Defendants CITY and DOES 1-50 owed Plaintiffs and Decedent the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

37. At all times, Defendants CITY and DOES 1-50 owed Plaintiffs and Decedent the duty to act with reasonable care.

38. These general duties of reasonable care and due care owed to Plaintiffs by Defendants include but are not limited to the following specific obligations:

    c. to refrain from using negligent excessive and/or unreasonable force against PAS;

    d. to refrain from negligently and unreasonably creating the situation where force, including but not limited to deadly force, is used;

    e. to refrain from abusing their authority granted them by law; and

    f. to refrain from violating Plaintiffs' and Decedent's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

39. Defendants, through their negligent acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs and Decedent.

40. Defendant CITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code §815.2.

41. As a direct and proximate result of Defendants' negligent use of excessive force resulting in wrongful death, Decedent and Plaintiffs sustained injuries and damages and, against each and every Defendant, is entitled to relief as set forth above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Assault and Battery)**
**(PLAINTIFFS LOPEZ, and J.P. Against Defendants CITY, CROSBY, MORGAN, MOORE, MADARUS and DOES 1-50)**

42. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 41 of this Complaint.

43. Defendant officers, while working as law enforcement officers for the CITY OF SANTA ROSA and acting within the course and scope of their duties, placed PAS in immediate fear of death and severe bodily harm by battering him without any just provocation or cause.

44. These Defendants' conduct was neither privileged nor justified under statute or common law.

45. Under Government Code §815.2(a), Defendant CITY OF SANTA ROSA is vicariously liable to said Plaintiffs for injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

46. As a result of the actions of Defendant officers, Plaintiffs suffered damages as alleged herein.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(Violation of California Civil Code §52.1)**
**(PLAINTIFFS LOPEZ, and J.P. Against Defendants CITY, CROSBY, MORGAN, MOORE, MADARUS and DOES 1-50)**

47. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 46 of this Complaint.

48. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Decedent's peaceable exercise and

enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

49. As a direct and proximate result of Defendants' violation of California Civil Code §52.1, Decedent suffered violations of his constitutional rights, and suffered damages as set forth herein.

50. Plaintiffs are entitled to treble damages, but in no case less than $4,000 and an award of her reasonable attorneys' fees pursuant to Civil Code §52(a).

51. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §52.1, reasonable attorneys' fees and an additional $25,000.

52. Under Government Code §815.2(a), Defendant CITY OF SANTA ROSA is vicariously liable to said Plaintiffs for injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## **JURY DEMAND**

Plaintiffs hereby demand a jury trial in this action.

## **PRAYER**

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants CITY, and DOES 1-50 and/or each of them;

4. Any and all permissible statutory damages;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated: July 27, 2023  **Law Offices of John L. Burris**

/s/ *Benjamin Nisenbaum*
John L. Burris
Benjamin Nisenbaum
James Cook
Attorneys for Plaintiffs